1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN M. ERNEST, | CASE NO. 08-CV-2363 H (POR) |
| Plaintiff, | **ORDER** |
| vs. | **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** |
| | **(2) SUA SPONTE DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B)** |
| UNIVERSITY OF PHOENIX, DR. SOPHIE HSIA, DR. DAVID L. HALL, | **(3) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL** |
| Defendant. | |

On December 19, 2008, Plaintiff Carolyn Ernest filed a complaint against Defendants University of Phoenix, Dr. Sophie Hsia and Dr. David Hall alleging violations of the Rehabilitation Act and the Americans with Disabilities Act. (Doc. No. 1.) Before the Court are Plaintiff's motions to appoint counsel (Doc. No. 2.) and to proceed in forma pauperis (Doc. No. 3.). For the following reasons, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES Plaintiff's complaint without prejudice, and DENIES without prejudice Plaintiff's motion to appoint counsel. Plaintiff may file an amended complaint no later than **30 days** after the date of this order

///

**I.     Motion to Proceed In Forma Pauperis**

A party instituting a civil action in a district court is required to pay a filing fee of $350. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the court grants the plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See, Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff has submitted a declaration indicating that her sole income consists of $932.00 per month from a Veteran Disability Pension. Plaintiff's checking and savings accounts carry a total balance of $72.00. Accordingly, the Court concludes that Plaintiff is unable to pay the court filing fee. The Court GRANTS Plaintiff's motion to proceed in forma pauperis.

**II.    Sua Sponte Screening Under 28 U.S.C. § 1915(e)(2)(B)**

Proceeding under 28 U.S.C. § 1915(a), a district court must dismiss a case sua sponte if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. Id. at 1966 n.5.

In this case, the complaint alleges "unequal treatment and unequal learning conditions" under the Rehabilitation Act and the Americans with Disabilities Act. However, Plaintiff does not sufficiently explain what the Defendants have done that renders them liable under these statutes. Plaintiff has not indicated which statutory requirements Defendants are supposed to have violated. As it stands, Plaintiff's complaint does not give Defendants fair notice of Plaintiff's claim and is insufficient to show that Defendants' liability is plausible.

1  Additionally, the Court notes that Plaintiff has not alleged facts establishing this Court's
2  jurisdiction over any Defendant.  Constitutional due process permits a court to exercise
3  personal jurisdiction over a defendant only if he has "certain minimum contacts" with the
4  forum "such that the maintenance of the suit does not offend traditional notions of fair play and
5  substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotes
6  omitted).  The party seeking to invoke the Court's jurisdiction bears the burden of establishing
7  that such jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Plaintiff's
8  complaint fails to demonstrate that any Defendant has such "minimum contacts" with the state
9  of California.

10  Similarly, the complaint fails to allege facts showing that venue in this forum is proper.
11  A court may raise the issue of venue sua sponte when the defendant has not yet responded and
12  the time for doing so has not yet run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).
13  The federal statute governing venue states:

14  A civil action wherein jurisdiction is not founded solely on diversity of
15  citizenship may, except as otherwise provided by law, be brought only in (1) a
16  judicial district where any defendant resides, if all defendants reside in the same
17  State, (2) a judicial district in which a substantial part of the events or omissions
18  giving rise to the claim occurred, or a substantial part of property that is the
19  subject of the action is situated, or (3) a judicial district in which any defendant
20  may be found, if there is no district in which the action may otherwise be
21  brought.

22  28 U.S.C. § 1391(b).  Plaintiff has alleged no facts showing why this action should be heard
23  in the Southern District of California.

24  Accordingly, the Court sua sponte DISMISSES Plaintiff's complaint without prejudice
25  under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff may file an amended complaint curing these
26  deficiencies within 30 days of the date of this order.
27  / / /
28  / / /

### III. Motion to Appoint Counsel

In an in forma pauperis action, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel is within the discretion of the court and is "granted only in exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). To find exceptional circumstances warranting court-appointed counsel, the court must evaluate "the likelihood of the plaintiff's success on the merits." Agyeman, 390 F.3d at 1103. In this case, the Court is unable to make such an evaluation because Plaintiff's complaint fails to state a claim.

Additionally, Plaintiff's motion to appoint counsel appears to be incomplete. Plaintiff has provided no information concerning any attempt to retain an attorney. The Ninth Circuit has held that, before appointing counsel, it is proper for a court to consider the efforts made by the plaintiff to secure counsel on her own. Johnson v. U.S. Treasury Dept., 27 F.3d 415, 416-17 (9th Cir. 1994). Because Plaintiff's complaint does not demonstrate a likelihood of success and she has reported no attempt to retain counsel, the Court DENIES without prejudice Plaintiff's motion to appoint counsel. Plaintiff may resubmit the motion along with her amended complaint.

### Conclusion

Accordingly, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, DISMISSES without prejudice Plaintiff's complaint, and DENIES without prejudice Plaintiff's motion to appoint counsel. Plaintiff may file an amended complaint consistent with this order no later than **30 days** after the date of this order.

IT IS SO ORDERED.

DATED: December 29, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT