**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLYN M. ERNEST,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>UNIVERSITY OF PHOENIX; DR. SOPHIE HSIA; DR. DAVID L. HALL,<br><br>　　　　　　　　　Defendant. | CASE NO. 08-CV-2363-H (POR)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

On June 30, 2009, Defendant University of Phoenix ("University') moved to dismiss Plaintiff's First Amended Complaint for failure to state a claim or, in the alternative, for a more definite statement. (Doc. No. 18.) Plaintiff failed to timely oppose the motion. On August 5, 2009, the Court ordered Plaintiff to file an opposition no later than August 19, 2009, and submitted the motion on the papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 19.) On August 25, 2009, Plaintiff filed a motion for extension of time to file an opposition to Defendant's motion to dismiss. (Doc. No. 21.) The Court granted Plaintiff's motion and ordered Plaintiff's opposition to be filed no later than September 8, 2009. (Doc. No. 22.) On September 21, 2009, Plaintiff filed her response in opposition. (Doc. No. 23.) For the reasons below, the Court grants Defendant University's motion, and dismisses the First Amended Complaint.

///

## Background

On December 19, 2008, Plaintiff Carolyn Ernest filed a complaint against Defendants University of Phoenix, Dr. Sophie Hsia and Dr. David Hall alleging violations of the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). (Doc. No. 1.)  On December 29, 2008, the Court, proceeding pursuant to 28 U.S.C. § 1915(a), dismissed the case sua sponte for failure to state a claim.  (Doc. No. 4.)  On January 28, 2009, Plaintiff filed her First Amended Complaint ("FAC").  (Doc. No. 7.)  On the same day, Plaintiff filed a motion to appoint counsel.  (Doc. No. 6.)  On February 10, 2009, the Court denied Plaintiff's motion to appoint counsel.  (Doc. No. 8.)  On June 30, 2009, Defendant University of Phoenix filed its motion to dismiss Plaintiff's FAC for failure to state a claim or, in the alternative, for a more definite statement.  (Doc. No. 18.)  Plaintiff failed to timely oppose the motion.  On August 5, 2009, the Court ordered Plaintiff to file an opposition no later than August 19, 2009, and submitted the motion on the papers pursuant to Local Civil Rule 7.1(d)(1).  (Doc. No. 19.)  On August 25, 2009, Plaintiff filed a motion for extension of time to file an opposition to Defendant's motion to dismiss.  (Doc. No. 21.)  The Court granted Plaintiff's motion and ordered Plaintiff's opposition to be filed no later than September 8, 2009.  (Doc. No. 22.)  On September 21, 2009, Plaintiff filed her response in opposition.  (Doc. No. 23.)  In her opposition, Plaintiff asks the Court to reconsider Plaintiff's prior request for counsel.  (Id. at 15.)

## Discussion

**I. Motion to Dismiss - Legal Standard**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion.  Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson,</u> 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (<u>quoting</u> <u>id.</u> at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citing 5 <u>C. Wright & A. Miller, Federal Practice and Procedure</u> § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996); <u>see also</u> <u>Twombly</u>, 550 U.S. at 555.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir.1994). An exhibit attached to the pleading is part of the leading for all purposes, and may be considered on a motion to dismiss. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

**II. Plaintiff's General Allegations**

Plaintiff's complaint is a four-page document in which Plaintiff alleges that Defendants' "gross fiduciary negligence," specifically, failure to comply with Title III of the ADA, prevented Plaintiff's timely completion of her Doctorate's degree in Healthcare Administration. (Doc. No. 7 at 2.) Plaintiff alleges that Defendant repeatedly interrupted Plaintiff's degree progression by failing to follow appropriate grievance procedures to review and correct "wrongfully recorded non-passing grades." (<u>Id.</u>) Plaintiff alleges that Defendant

required her to "repeat courses with non-passing grades and to pay additional course fees before degree progression could be continued." (Id.) Additionally, Plaintiff alleges that Defendant failed to maintain a technically efficient online system, which made it difficult to access online classrooms, and caused delays and loss of posted information. Plaintiff alleges that she attached as Exhibit A to the FAC a complete list of "grievance events" that took place from 2005 to 2008, however, no such list is attached.[1]

Plaintiff alleges that she is 57 years old, and is no longer able to work as a clinical registered nurse. Plaintiff alleges that she has completed one half of the program, but has lost two and a half years of potential employment income as a healthcare administrator. Plaintiff alleges that she has a health disability, and receives disability income. Plaintiff has attached a letter from the Department of Veterans Affairs which states that Plaintiff is 100 percent disabled. (Doc. No. 7 at 9.) Plaintiff alleges that Defendant failed to provide her with ADA classroom accommodation for 13 of the 15 courses Plaintiff took, as well as for two residency workshops. (Id. at 3.)

Plaintiff seeks damages for pain and suffering and psychological abuse as a result of Defendant's violation of Title III of the ADA. Plaintiff also seeks the removal of all non-passing grades she received as a result of the ADA violations, and grade adjustments in "all other courses" that were conducted with ADA violations. Plaintiff seeks 33 million dollars in punitive damages. Plaintiff also requests a court order "to protect Plaintiff from the retaliation of Defendant." Finally, Plaintiff asks the Court to order a federal investigation of the Defendant's operations to "eliminate the continued violation of academic abuses of student rights."

**III. ADA and Rehabilitation Act Claims**

After a careful reading of the FAC, the Court concludes that Plaintiff failed to state a claim under the ADA or under the Rehabilitation Act. Courts apply the same standards to discrimination claims under the Rehabilitation Act as they do to discrimination claims under

---

[1] Plaintiff attached a document entitled "Comprehensive Timeline of Events" to her response in opposition to Defendant's motion to dismiss. (Doc. No. 23.)

the ADA. See Walton v. United States Marshals Serv., 492 F.3d 998, 1003 n.1 (9th Cir.2007). The Ninth Circuit stated that "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.  See 42 U.S.C. § 12133 ('The remedies, procedures, and rights set forth in [the Rehabilitation Act] shall be the remedies, procedures, and rights [applicable to ADA claims].') ..." Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir.1999).  In order to state a claim under the ADA and the Rehabilitation Act, a plaintiff must allege that: (1) he or she is an individual with a disability under the Act; (2) he or she is "otherwise qualified" to participate in or receive the benefit of the entity's services, programs, or activities, i.e., he or she meets the essential eligibility requirements of the entity, with or without reasonable accommodation; (3) he or she was either excluded from participation in or denied the benefits of the entity's services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of his or her disability; and (4) the entity is a public entity (for the ADA claim) or receives federal financial assistance (for the Rehabilitation Act claim). Zukle, 166 F.3d at 1045.  The ADA defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A).  An individual is "substantially" limited in a major life activity if her limitation "is a severe restriction ... compared to how unimpaired individuals normally" engage in that activity.  See Walton, 492 F.3d at 1007.  A person with a disability is otherwise qualified if he "is able to meet all of a program's requirements in spite of his handicap." Se. Cmty Coll. v. Davis, 442 U.S. 397, 406 (1979).  A plaintiff generally bears the initial burden

1  to prove that a reasonable accommodation exists and that the accommodation would enable
2  her to perform the essential functions of the position. See Wong v. Regents of Univ. of Cal.,
3  192 F.3d 807, 816 (9th Cir.1999) (accommodation to meet essential eligibility requirements
4  for admission). The burden then shifts to the defendant to prove that the accommodation is not
5  reasonable or that the plaintiff was not qualified even with the accommodation. Id. at 817.
6       Plaintiff has failed to plead a disability covered by the ADA in the FAC. In order to
7  properly allege a disability under this statute, Plaintiff must set forth enough facts to support
8  an inference that Plaintiff has a disability under the ADA; she must plead more than mere
9  conclusory allegations. See Twombly, 550 U.S. at 555; Epstein v. Wash. Energy Co., 83 F.3d
10  at 1140. The FAC alleges that Plaintiff has a "health disability." The FAC is completely
11  devoid of any allegations regarding what Plaintiff's physical or mental impairments are, how
12  severe they are, or how these impairments substantially limit a major life activity. Plaintiff
13  attached a letter from the Department of Veterans Affairs indicating that Plaintiff receives non-
14  service connected pension and is "rated 100 percent disabled." (Doc. No. 7 at 9.) However,
15  a disability award by an administrative agency does not in itself constitute a physical
16  impairment which substantially limits an individual's major life activity and thereby renders
17  the individual handicapped within the meaning of the ADA. See Wimbley v. Bolger, 642 F.
18  Supp. 481 (W.D. Tenn. 1986), aff'd, 831 F.2d 298 (6th Cir.1987) (fact that employee had 30%
19  service-connected disability under Veteran Administration standards does not automatically
20  render individual "handicapped employee"). Plaintiff has also failed to properly allege that
21  she is "otherwise qualified" to participate in the program, i.e., he or she meets the essential
22  eligibility requirements of the entity, with or without reasonable accommodation; or that
23  Defendant discriminated against her solely by reason of her disability; or that Defendant
24  receives federal financial assistance. See Zukle, 166 F.3d at 1045.
25       In her opposition, Plaintiff alleges additional facts regarding her disability, namely, that
26  she was 'approved and qualified by the University's ADA department as qualified by ADA
27  standards and the Rehabilitation Act." (Doc. No. 23 at 9.) Plaintiff also alleges that her
28  education was funded by Federal Student Aid. (Id. at 14.) Such new allegations contained in

Plaintiff's opposition, however, are irrelevant for Rule 12(b)(6) purposes, because "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. Cal. Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). After due consideration, the Court concludes that Plaintiff fails to state a claim under the ADA or the Rehabilitation Act.

The Court declines to reconsider its February 10, 2009 Order denying the appointment of counsel. The decision whether to appoint counsel is within the discretion of the court and is "granted only in exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). To find exceptional circumstances warranting court-appointed counsel, the court must evaluate "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (internal quotes omitted). Plaintiff's response in opposition, a seventeen-page long document with multiple exhibits, demonstrates Plaintiff's ability to articulate her claims.

## Conclusion

Because Plaintiff failed to state a prima facie case under the ADA or the Rehabilitation Act, the Court GRANTS Defendant's motion to dismiss the FAC. Plaintiff may file an amended pleading curing the noted deficiencies on or before January 4, 2010.

**IT IS SO ORDERED.**

DATED: November 25, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT