# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN M. ERNEST, | CASE NO. 08-CV-2363-H (POR) |
| Plaintiff, | **ORDER** |
| vs. | **(1) GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL TO THE EXTENT IT IS NOT JURISDICTIONALLY BARRED; &** |
| UNIVERSITY OF PHOENIX, | |
| Defendant. | **(2) GRANTING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS** |

On December 19, 2008, Plaintiff Carolyn Ernest, a candidate for a Ph.D. program in healthcare administration at the University of Phoenix, filed a complaint alleging violations of the Rehabilitation Act and the Americans with Disabilities Act ("ADA") for her non-passing grades. (Doc. No. 1.) On March 16, 2010, Plaintiff filed a Second Amended Complaint against Defendant University of Phoenix in this case. (Doc. No. 34, SAC.) On July 27, 2010, the Court dismissed with prejudice Plaintiff's SAC. (Doc. No. 47.) On July 28, 2010, the Clerk entered judgment in favor of Defendant University of Phoenix and against Plaintiff. (Doc. No. 48.)

On September 28, 2010, Plaintiff filed a motion for extension of time to file a notice of appeal. (Doc. No. 49.) On September 28, 2010, Plaintiff filed her notice of appeal. (Doc. No.

50.) On September 28, 2010, Plaintiff also filed a motion for leave to proceed in forma pauperis on appeal. (Doc. No. 51.) On September 29, 2010, Defendant University of Phoenix filed is response in opposition to Plaintiff's motion for extension of time to file a notice of appeal. (Doc. No. 54.)  For the following reasons, the Court GRANTS Plaintiff's motion for extension to file her notice of appeal to the extent it is not jurisdictionally barred, and GRANTS her motion for leave to proceed in forma pauperis on appeal.

**I. Motion for Extension of Time to File a Notice of Appeal**

Plaintiff moves for leave to file a notice of appeal "out of time." (Doc. No. 49. ) Title 28 U.S.C. § 2107(a) provides that except as provided in that section, no appeal shall bring any judgment, order, or decree in an action of a civil nature before a court of appeals for review unless a notice of appeal is filed within thirty days after entry of such judgment, order, or decree.  A timely notice of appeal is mandatory and jurisdictional. Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir.1994) (per curiam).  A notice of appeal must be filed within thirty days after the district court enters judgment. Fed. R. App. P. 4(a)(1)(A).  The district court may extend this period only if two requirements are met: (1) "a party so moves no later than 30 days after the [original filing deadline]" and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).  Like the deadline for a notice of appeal, the requirement that motions for extension of time be made within thirty days after the original filing deadline is "mandatory and jurisdictional."  Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam).

Defendant argues that this court lacks authority under Rule 4(a)(5) to extend the time for filing a notice of appeal, because Plaintiff filed her motion for extension of time more than 30 days after the time prescribed by Rule 4(a) expired.  (Doc. No. 54.)  In this case, the deadline for filing a notice of appeal was August 27, 2010, and the deadline for requesting an extension was September 27, 2010.  Plaintiff's motion for extension is dated September 26, 2010, however, Plaintiff filed her motion on September 28, 2010.[1]  Plaintiff's motion indicates

---

[1] September 26, 2010 was a Sunday.  It appears that Plaintiff mailed her motion to the Court, and the Court received it on Tuesday, September 28, 2010.

that Plaintiff has medical issues, and that she failed to file a timely notice of appeal due to her medical situation.  (Doc. No. 49.)

The Court notes that Plaintiff had failed to comply with deadlines for filing in the past, and had filed multiple requests for extensions during the course of this action.  The Court recognizes that the timely notice of appeal is mandatory and jurisdictional.  To the extent the Court has discretion, the Court GRANTS Plaintiff's motion for extension to file her notice of appeal.

**II.  Motion to Proceed in Forma Pauperis on Appeal**

Plaintiff also moves for leave to proceed in forma pauperis on appeal.  (Doc. No. 51.) A party who was permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith.  See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  The Court previously granted Plaintiff leave to proceed in forma pauperis in the District Court. (Doc. No. 4.)   Accordingly, the Court GRANTS Plaintiff's motion to proceed in forma pauperis on appeal.

**Conclusion**

For the reasons above, the Court GRANTS Plaintiff's motion for extension to file her notice of appeal to the extent it is not jurisdictionally barred, and GRANTS her motion for leave to proceed in forma pauperis on appeal.  Defendant may renew and raise its jurisdictional objections to the Ninth Circuit.

**IT IS SO ORDERED.**

DATED: October 4, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT